657 A.2d 1314

**George J. MATUKONIS and Michele L. Matukonis, Appellants,**

**v.**

**Michael J. TRAINER, D.C.**

Superior Court of Pennsylvania.

Argued March 2, 1995.

Filed May 15, 1995.

Chester C. Corse, Jr., Pottsville, for appellants.

James J. Kutz, Harrisburg, for appellee.

Before ROWLEY, P.J., and CAVANAUGH and McEWEN, JJ.

572

ROWLEY, Presiding Judge.

Appellant George Matukonis appeals a trial court order dismissing a claim for damages against appellee Michael J. Trainer, D.C., for failing to obtain appellant's informed consent prior to performing a chiropractic manipulation of appellant's neck. We affirm.

Appellant's complaint, alleging that he sustained personal injuries as a result of the chiropractic manipulation performed by appellee, set forth four counts: professional negligence, breach of contract, lack of informed consent, and loss of consortium. The trial court sustained appellee's preliminary objections in the nature of a demurrer to the counts of breach of contract and lack of informed consent. Since the trial court's actions dismissed less than all claims in the suit, appellant filed a timely motion requesting the trial court to certify that immediate appeal of the dismissal of his claim for damages based on a lack of informed consent would facilitate resolution and materially advance the ultimate determination of the case, pursuant to Pa.R.A.P. 341(c). The trial court amended its order dismissing appellant's claims to include the required certification, and appellant filed a timely notice of appeal to this Court.

We note in passing that prior to the adoption of Rule 341 as amended by our Supreme Court on May 6, 1992, effective July 6, 1992, an order such as this, disposing as it does of less than all claims, would as a general rule have been considered interlocutory and not appealable except by permission. *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983) (a final order is usually one which disposes of entire case or ends litigation). Thus, under former Rule 341, this Court was required to determine whether a dismissed count merely stated an alternative theory of recovery, in which case it was considered interlocutory and not appealable except by filing a petition for permission to appeal, or whether the dismissed count stated a separate and distinct cause of action, in which case it was considered final and appealable. *Mother-al v. Burkhart*, 400 Pa.Super. 408, 583 A.2d 1180 (1990).

Amended Rule 341 dispenses with this case-by-case analysis, permitting a trial court to enter a final order "as to one or more but less than all of the claims or parties *only* upon an express determination that an immediate appeal would facilitate resolution of the entire case." 42 Pa.R.A.P. § 341(c) (emphasis supplied). Concisely stated, our Supreme Court has clarified the interlocutory nature of orders dismissing less than all claims or parties: an appeal may not be taken from such orders. However, by creating an exception to this general rule, the Supreme Court has essentially made interlocutory orders final and appealable, and established the exclusive method by which a party may appeal an order dismissing less than all claims or parties. *Womeldorf v. Cooper*, 4 Pa.Commonwealth Ct. 2, 654 A.2d 238 (1995).[1]

■ Appellate review of orders granting preliminary objections in the nature of a demurrer is plenary, and requires admitting as true all material facts set forth in the pleadings, as well as all inferences reasonably deducible from them. We then examine the facts as averred to determine whether recovery under any theory of law is possible. *Foflygen v. R. Zemel, M.D. (PC)*, 420 Pa.Super. 18, 615 A.2d 1345 (1992), *appeal denied*, 535 Pa. 619, 629 A.2d 1380 (1993).

■ Accepting as true all facts as averred, the trial court correctly determined that appellant has no cause of action against appellee for failure to obtain informed consent as a matter of law. Appellant argues that appellee's allegedly harmful manipulations constituted an unpermitted touching, absent informed consent to undertake the risks involved, and thus a cause of action for battery should lie. However, even were we to assume that appellee did not, in fact, discuss the risks involved in a chiropractic manipulation, or the efficacy of alternative procedures, before touching appellant, appellant

---

1. A panel of this Court has cautioned that "[a] determination that an immediate appeal of a non-final order is appropriate should be made only in the most extraordinary circumstances." *Robert H. McKinney, Jr., Associates, Inc. v. Albright*, 429 Pa.Super. 440, 443, 632 A.2d 937, 939 (1993). The mere dismissal of less than all parties or claims "is insufficient reason to classify an order as final." *Id.*

would still fail to state a cause of action. Although appellant is correct in defining the cause of action as one sounding technically in the intentional tort of battery, *Wu v. Spence*, 413 Pa.Super. 352, 605 A.2d 395 (1992), a cause of action for failure to obtain informed consent has been steadfastly limited to "surgical or operative medical procedures," *Boyer v. Smith*, 345 Pa.Super. 66, 497 A.2d 646 (1985). Since chiropractors are statutorily proscribed from performing any surgical procedures, 63 P.S. § 625.102, and appellant does not allege that appellee performed a surgical or operative procedure, a cause of action against a chiropractor for failure to obtain informed consent before performing non-surgical procedures will not lie as a matter of law. *Sinclair by Sinclair v. Block*, 534 Pa. 563, 633 A.2d 1137 (1993); *see also Gouse v. Cassel*, 532 Pa. 197, 615 A.2d 331 (1992) (physician or surgeon who operates without patient's informed consent is liable for damages, notwithstanding care exercised); *Moure v. Raeuchle*, 529 Pa. 394, 604 A.2d 1003 (1992) (consent of a patient is a "prerequisite to a surgical operation by his physician," *quoting Gray v. Grunnagle*, 423 Pa. 144, 223 A.2d 663 (1966)). We are not free to expand the application of the doctrine of informed consent beyond the surgical arena when our Supreme Court has declined to do so. *Foflygen*, 420 Pa.Super. at 34, 615 A.2d at 1353.[2]

Order affirmed.

---

2. This Court's decisions in *Foflygen*, *Wu*, and *Boyer* are dispositive of appellant's alternative claim that a cause of action for lack of informed consent belongs under the rubric of negligence, not the intentional tort of battery. We are well aware that the Commonwealth falls into a decidedly minority position in adhering to the theory of battery for informed consent cases, and there we will stay until such time as our Supreme Court revisits the issue. *Foflygen*, 420 Pa.Super. at 34, 615 A.2d at 1353; *Wu*, 413 Pa.Super. at 356, 605 A.2d at 397; *Boyer*, 345 Pa.Super. at 72, 497 A.2d at 648.