675 A.2d 732

STATE FARM FIRE AND CASUALTY COMPANY, Appellant,

v.

Randall P. CRALEY, Admr. of the Estate of Jayne Ann M. Craley, Randall P. Craley, Parent and Natural Guardian of Keith P. Craley, a minor, and Randall P. Craley, in his own right and Gloria M. Craley and Lawrence W. Craley, husband and wife, Appellees.

STATE FARM FIRE AND CASUALTY COMPANY, Appellee,

v.

Randall P. CRALEY, Admr. of the Estate of Jayne Ann M. Craley, Randall P. Craley, Parent and Natural Guardian of Keith P. Craley, a minor, and Randall P. Craley, in his own right and Gloria M. Craley and Lawrence W. Craley, husband and wife, Appellants.

Superior Court of Pennsylvania.

Argued March 12, 1996.

Filed April 25, 1996.

Teresa F. Sachs, Philadelphia, for State Farm.

Daniel E.P. Bausher, Reading, for Randall P. Craley, Gloria M. Craley & Lawrence W. Craley.

Before BECK, KELLY * and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

On July 12, 1993, Jayne Anne Craley was driving her GMC Jimmy when she was struck by an uninsured motorist and killed. Jayne Anne's son, Keith, and mother-in-law, Gloria Craley, who were passengers in the Jimmy, sustained serious personal injuries, but, thankfully, survived the crash. Jayne Anne owned her vehicle and was insured under a policy (Jayne Anne's policy) issued to her by Appellee State Farm Fire and Casualty Company (State Farm). Her husband, Randall Craley, was insured under a separate policy (Randall's policy) issued to him by State Farm for his pickup truck. Gloria Craley was insured by a third policy (the Prudential policy) issued by Prudential Property & Casualty Insurance Company. Jayne Anne's estate made claims for uninsured motorist benefits under both State Farms policies and the Prudential policy claiming that Jayne Anne, as a family member residing in the same household, was a "resident relative" and, therefore, insured under all three policies. State Farm approved the claim that Jayne Anne's estate was entitled to full uninsured motorist coverage under Jayne Anne's policy and tendered the policy limit of $15,000. Nevertheless, State Farm refused the claim as to Randall's policy claiming that, since Randall and Jayne Anne had elected "non-stacking" uninsured motorist coverages, Jayne Anne's estate could collect under only one policy.

* Judge Kelly did not participate in the decision of this appeal.

■ State Farm next filed a complaint for declaratory judgment of Common Pleas of Berks County, seeking a declaration that its non-stacking provision was valid and enforceable under the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL). Jayne Anne's estate filed preliminary objections, claiming that the issue should be arbitrated. Additionally, the estate filed a separate petition to compel arbitration. By order dated May 11, 1995, the Honorable Albert A. Stallone denied State Farm's declaratory judgment action, sustained Jayne Anne's estate's preliminary objections and granted the petition to compel arbitration. This appeal follows, wherein State Farm alleges that Judge Stallone erred in deferring to arbitration the issue of whether the non-stacking provision prohibited Jayne Anne's estate from recovering under Randall's policy.[1]

■ Before reaching the merits of this case, we must determine whether Judge Stallone's order is appealable. It is well settled that appeals can generally be taken only from orders which are final, rather than interlocutory, in nature. *Maleski v. Mutual Fire Ins.*, 534 Pa. 575, 578, 633 A.2d 1143, 1145 (1993). "A pivotal consideration in determining whether an order is final and appealable, is whether the plaintiff aggrieved by it has, for purposes of the particular action, been put 'out of court' on all theories of recovery asserted against a given defendant for a given loss." *Id.* (quoting *Piltzer v. Independence Federal Savings and Loan Ass'n*, 456 Pa. 402, 406, 319 A.2d 677, 678 (1974)). An order compelling arbitration, like the one in the case at hand, "and staying court action is not final; rather, it is interlocutory because the parties are not forced 'out of court.'" *Id.* Moreover, an order compelling arbitration "forces the parties into, rather than out of, court." *Id.* (citing *Gardner v. Prudential Ins. Co.*, 332 Pa.Super. 358,

---

1. We note that Jayne Anne's estate has filed a notice of cross-appeal seeking to consolidate the State Farm arbitration with the arbitration of its separate claim under the Prudential policy. As no mention of this issue is to be found in the estate's brief, we deem it waived. *See Taurino v. Ellen*, 397 Pa.Super. 50, 58, 579 A.2d 925, 930 (1990), *alloc. denied*, 527 Pa. 603, 589 A.2d 693 (1991) (claim on appeal is waived where party fails to support it with adequate argument).

359, 481 A.2d 654, 655 (1984)). Further, we note that, under the Arbitration Act, although a party may take an appeal from a court order denying an application to compel arbitration, "there is no corresponding statutory authority in existence that allows a party to take an appeal from an order that compels arbitration." *Id.* at 581, 633 at 1146.

In light of the above, we find that Judge Stallone's order which denies State Farm's declaratory judgment action, sustains Jayne Anne's estate's preliminary objections and grants the petition to compel arbitration is interlocutory. *See id.* Consequently, this appeal is premature and must be quashed. *Id.; Gardner, supra.*

Appeal quashed.