In re Class Action Appeal of Margaret KELLY, 17 Rose Tree Village, and Sandra Greenfield, 16 Northgate Village, Upper Providence Township, Rose Tree Media School District, Media, PA 19063, also known as Village At Rose Tree, Representative Folio Nos. 35–00–01838 and 35–00–01054–77.

Appeal of Margaret KELLY and Sandra Greenfield, Appellants.

In re Class Action Appeal of Patricia KANTNER, John and Mary Hagan, Nos. 315 and 302 N. Providence Rd., Media Borough, Rose Tree/Media School District, Media, PA 19063, also known as Holly House Representative Folio Nos. 26–00–0128–58 and 26–00–01280–45.

Appeal of Patricia KANTNER, John and Mary Hagan, Appellants.

In re Class Action Appeal of Judith L. FLUHARTY and Paul and Jean Buckley, 1014 and 1070 Putnam Boulevard, Nether Providence Twp., Wallingford, PA 19086, also known as Wallingford Valley, Representative Folio Nos. 34–00–02227–31 and 34–00–02227–03.

Appeal of Judith L. FLUHARTY and Paul and Jean Buckley, Appellants.

In re Class Action Appeal of Harford LANE Through Irving LEE and Kathryn P. Abramson and Sheldon J. and Susan Michaelson, Nos. 1 and 2 Harford Lane, Radnor Township, Radnor School District, Radnor, PA 19087, Representative Folio Nos. 36–02–01141–75 and 36–02–01141–85.

Appeal of Harford LANE, Irving Lee, Kathryn P. Abramson, Sheldon J. Michaelson and Susan Michaelson, Appellants.

In re Class Action Appeal of Janet HARDING and William Kelley, Nos. 106 and 917, 801 Yale Avenue Borough of Swarthmore, Wallingford–Swarthmore School District, Swarthmore, PA 19081, also known as Strath Haven Condominiums Representative Folio Nos. 403–00–01502–00 and 43–00–01637–00.

Appeal of Janet HARDING and William Kelley, Appellants.

In re Class Action Appeal of Donald and Joyce PEIRCE, and Manoucher Jalali, Nos. 392 And 259, 5200 Hilltop Drive, Brookhaven Borough, Penn Delco School District, Brookhaven, PA 19015 also known as Hilltop Condominium Representative Folio Nos. 05–00–00624 and 05–00–00624-66.

Appeal of Donald and Joyce PEIRCE and Manoucher Jalali, Appellants.

In re Class Action Appeal of Dennis HAGGERTY and Marilyn and Kim Hemminger, 140 & 211 Chelsea Circle, Newtown Township, Marple–Newtown School District, Newtown Square, PA 19073, also known as Greene County Representative Folio Nos. 30–00–00634–49 and 30–00–00635–20.

Appeal of Dennis HAGGERTY, Marilyn Hemminger and Kim Hemminger, Appellants.

In re Class Action Appeal of James and Marie BARRY and Arthur and Emily White, Nos. 7–L and 7–O 800 Avondale Avenue, Nether Providence Township, Wallingford–Swarthmore School District, Wallingford, PA 19086, also known as Crum Creek, Representative Folio Nos. 34–00–00084–32 and 34–00–00084–35.

Appeal of James BARRY, Marie Barry, Arthur White and Emily White, Appellants.

In re Class Action Appeal of Marian NAYLOR and John and Rosalie Brennan, Nos. B4 and B7, 33 Chester Pike, Ridley Park Borough, Ridley School District, Ridley Park, PA 19078, also known as Parker House Representative Folio Nos. 37–00–02056–07 and 37–00–02056–10.

Appeal of Marian NAYLOR and John Brennan and Rosalie Brennan, Appellants.

In re Class Action Appeal of Linda A. EVANS and William Brady, Units A6 & E19, 1016 Baltimore Pike, Rosetree/Media School District, Media, PA 19063 also known as Riddle Glen Representa-

tive Folio Nos. 27–00–00072–53 and 27–00–0073–19.

**Appeal of Linda A. EVANS and William Brady, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1997.

Decided Nov. 26, 1997.

Reargument and Reconsideration Denied Jan. 27, 1998.

Donald J. Weiss, Media, for appellants.

Thomas L. Kelly, Media, for appellees.

Before COLINS, President Judge, and SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

These appeals from orders of the Delaware County Court of Common Pleas upholding certain decisions of the County Board of Assessment Appeals (Board) were consolidated for review and disposition. In each of those decisions the Board denied the respective petitioners' requests to act as representatives of a putative class of similarly situated persons challenging their 1995 real property tax assessments.

There are ten putative classes, comprised of homeowners from various developments and communities in Delaware County, con-

sisting of as few as three and as many as fifty-seven members. As a result of amendments to the Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §§ 5342—5350k, governing assessment procedures and appeals in counties of the Second A and Third classes, persons may lodge tax assessment challenges as class actions.[1] At the time the petitioners filed their tax assessment challenges and sought certification as class representatives, no local ordinance or Board rules existed to govern the procedures in Delaware County for class action appeals. Thereafter, the Board adopted rules requiring that groups be certified as classes before proceeding in such a manner. On November 4, 1994, the Board conducted a class action certification hearing and issued decisions on November 9, 1994 denying class certifications of most of the petitioners' purported classes.

The petitioners then appealed the Board's decisions to common pleas court, insofar as those decisions denied class or "subclass" certification, complaining that the Board was without authority to require certification of classes, that it had adopted unconstitutional rules for certification, and, alternatively, that the Board's certification was improper. The common pleas court, on making findings of fact and conclusions of law on the question of class representation, denied approval to proceed as class actions.

Petitioners then filed, in each common pleas court action, an "Application for Certification to Appeal." In the applications petitioners averred, *inter alia*, that the court decided "a controlling question of law as to which there is a substantial ground for difference of opinion" (certification applications, paragraph 12) and that "[a]n immediate appeal from the order may materially advance the ultimate termination of the matter and would facilitate the resolution of this and related pending cases." (certification application, paragraph 13). Attached to each application was a proposed form of order, which the common pleas court signed and entered in each case. It is significant that the orders cited Pennsylvania Rule of Appellate Proce-

dure 341(c), Pa. R.A.P. 341(c). Just as significant, the orders contained the statement that "this matter involves controlling questions of law to which there is a substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of this matter, facilitating the resolution of the entire case." The petitioners in each case then filed *notices of appeal* to this Court.

■ Of course, Pa. R.A.P. 341 governs final orders and dictates that appeals may be taken as of right therefrom. Pa. R.A.P. 341(a). It also defines final orders. Pa. R.A.P. 341(b) and (c). Section (c) of the rule provides:

> **(c)** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.

This section provides for appeals as of right when a court or government unit adjudicates one or more but fewer than all claims for relief that are part of a multi-claim or multi-party action, and immediate review would facilitate resolution of the entire action. Although petitioners certainly brought multi-party actions against the Board in their assessment challenges, neither the Board nor the common pleas court disposed of a single claim for relief. Rather, the Board and court acted on applications by the petitioners to establish the procedures under which their claims for relief would be acted on. The Board's decisions and court's orders did not in any way put petitioners out of court or resolve their ultimate claims. Thus, Rule

---

**1.** Section 8(c) of the Act provides that "[f]or the purpose of assessment appeals under this act, the term 'person' shall include, in addition to that provided by law, a group of two or more persons acting on behalf of a class of persons similarly situated with regard to the assessment.".

341, governing final orders, does not pertain to the orders entered here.[2]

When a court or government unit enters an order that is not final—that is, an interlocutory order—appeals may be taken as of right if they are from orders enumerated in Rule 311 (Interlocutory Appeals as of Right). Otherwise, they may be taken by permission only. Chapter 13 of the Appellate Rules prescribes the procedure for securing appellate review by permission of interlocutory orders that are not governed by Rule 311. The procedures contained in this chapter implement Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), and dictate that appeals may only be taken by the filing of a petition for permission to appeal. Pa. R.A.P. 1311(a) and (b). Section 702(b) of the Judicial Code provides:

> **(b) Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, *in its discretion*, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b)(emphasis added).

Under Section 702(b) and Rule 1311, a party may seek interlocutory appellate review by permission only if two conditions are met: (1) if the lower court or other government unit includes in its interlocutory order a statement that a controlling question of law

is involved and immediate review will advance the litigation, and (2) the party seeking review files a petition for permission to appeal with the appellate court. Pa. R.A.P. 1311(b).

■ It has been noted that inclusion of the statement enunciated in Section 702(b) is a condition precedent to the filing of a petition for permission to appeal, but that inclusion of the statement does not entitle one to file a notice of appeal from the order. G.R. Darlington, K.J. McKeon, D.R. Schuckers & K.W. Brown, 1 *Pennsylvania Appellate Practice,* Second Edition 13–5. Even where the lower court or government unit includes the section 702(b) language in its interlocutory order, a petition for permission to appeal must be filed, for the appellate court retains discretion to deny the petition for permission to appeal. *Id.* If a petition for permission to appeal is filed without the requisite 702(b) statement or if no petition for permission to appeal is filed with the appellate court, the appeal will be quashed, because each of these requirements is jurisdictional. *Hoover v. Welsh,* 419 Pa. Superior Ct. 102, 615 A.2d 45 (1992). *See also, Gamble v. Pennsylvania Turnpike Commission,* 135 Pa.Cmwlth. 84, 578 A.2d 1366 (1990).

■ In this case, the court of common pleas, on application of the petitioners, entered orders which included a statement that closely followed the language of section 702(b), an action which was in accord with Rule 1311 of the Rules of Appellate Procedure. However, it erroneously cited Pa. R.A.P. 341(c), which pertains to final orders in multi-claim or multi-party appeals.[3] Certainly, an incorrect citation in the trial court's order is not fatal to our jurisdiction over an appeal from it. However, petitioners in each

---

**2.** In fact, the official note to Rule 341 enumerates "a partial list of orders that are no longer [as of its 1992 amendment] appealable as final orders pursuant to Rule 341 but which *in an appropriate case might fall under Rules 312 (Interlocutory Appeals by Permission) or 313 (Collateral Orders)* of this Chapter." (emphasis added). Among such orders is "an order denying class certification in a class action case." The Superior Court, in two recent cases, *Hanson v. Federal Signal Corporation,* 451 Pa.Super. 260, 679 A.2d 785 (1996) and *DiLucido v. Terminix International, Inc.,* 450 Pa.Super. 393, 676 A.2d 1237

(1996), held that orders denying class certification were collateral orders. In neither case do the opinions therein indicate that the courts of original jurisdiction were asked to certify interlocutory orders and included a statement, invoking appellate jurisdiction by permission, that a controlling question of law was involved.

**3.** See 1 *Pennsylvania Appellate Practice* 13–6—13–8 for a thorough discussion of the distinction between final orders under Rule 341(c) and interlocutory orders under Rule 1311.

of these actions filed an Application for Certification to Appeal, asking the court "for certification to appeal to the Commonwealth Court of Pennsylvania the Interlocutory Order of [the common pleas court]. . . ." The Petitioners then filed notices of appeal instead of the requisite petitions for permission to appeal. Such petitions are the only vehicles by which we as an appellate court can exercise the discretion vested in us by Section 702(b) of the Judicial Code. Without them, our jurisdiction is not invoked. Hence, their absence when proceeding to appeal an interlocutory order that is not appealable as of right is substantive rather than merely formal. We are compelled, then, to quash these appeals.

### ORDER

AND NOW, this 26th day of November, 1997, the appeals in the above-captioned matters are hereby quashed.