## BRAWLEY DISTRIBUTING CO., INC., Appellee,

### v.

## HEARTLAND PROPERTIES, a Limited Partnership and Cumberland Management, a Partnership, Appellants.

**Appeal of HEARTLAND PROPERTIES.**

Superior Court of Pennsylvania.

Filed May 13, 1998.

Rodney E. Rexrode, York, for appellant.

William C. Gierasch, York, for Brawley Distributing, appellee.

Before McEWEN, President Judge, and HUDOCK and HOFFMAN, JJ.

OPINION PER CURIAM:

This is an appeal from the order entered in the York County Court of Common Pleas granting appellee Brawley Distributing Co., Inc.'s motion for attorney's fees. Brawley seeks to quash the appeal as interlocutory, claiming it is not a final order pursuant to Pa. R.A.P. 341 and is not appealable as of right pursuant to Pa. R.A.P. 311.

The instant dispute involves, *inter alia,* a breach of contract claim by Brawley against Heartland Properties and Cumberland Management. Heartland Properties filed preliminary objections to the breach of contract claim. By order dated January 29, 1997, the

trial court found Heartland's objections to be frivolous on their face and awarded attorney's fees pursuant to 42 Pa.C.S.A. § 2503(7) and (9). Heartland then filed the instant appeal.

■ Pennsylvania Rule of Appellate Procedure 341(b) provides that an order is not final and appealable unless it dismisses all the claims or parties, is defined as final by statute, or includes the "express determination that an immediate appeal would facilitate resolution of the case." *See Matukonis v. Trainer*, 441 Pa.Super. 570, 657 A.2d 1314 (1995), *allocatur granted*, 542 Pa. 648, 666 A.2d 1057 (1995). Here, the January 29, 1997 order merely granted counsel fees based on a frivolous pre-trial filing. Clearly, this neither terminated the action nor disposed of all parties and all claims. Accordingly, the order was not final and appealable pursuant to Pa. R.A.P. 341(b). *Compare Continental Bank v. Andrew Bldg. Co.*, 436 Pa.Super. 559, 648 A.2d 551 (1994) (quashing appeal from the trial court order which struck defendant's new matter and counterclaim with prejudice); *Robert H. McKinney, Jr., Assocs. v. Albright*, 429 Pa.Super. 440, 632 A.2d 937 (1993) (quashing appeal from dismissal of complaint against one of two defendants).

■ Therefore, the order from which Heartland Properties appeals is interlocutory. An appeal may be taken from an interlocutory order as of right (Pa. R.A.P. 311), by permission (Pa. R.A.P. 313, 1301 et seq.), or from a collateral order (Pa. R.A.P. 313). *Miller v. Steinbach*, 452 Pa.Super. 194, 681 A.2d 775, 777 (1996). Rule 311 lists those instances in which an appeal may be taken as of right. *See* Pa. R.A.P. 311. As an order granting counsel fees based on a pre-trial filing is not listed, such an order is not an interlocutory appeal as of right.

■ In the alternative, Heartland Properties, claims appealability under the "collateral order doctrine" codified at Pa. R.A.P. 313. This doctrine holds that an appeal may be taken from an interlocutory order where: (1) the matter is separable from and collateral to the main cause of action; (2) it involves a right too important to be denied review; and

(3) is such that the claimed right would be irretrievably lost if review is postponed until final judgment in the case. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978) (*citing Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). All elements must be present in order to take an appeal under the doctrine. *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985).

■ Instantly, the third criterion is not satisfied because the matter may be appealed after a final order is entered. *See West v. Andersen*, 426 Pa.Super. 127, 626 A.2d 606 (1993) (order awarding counsel fees in favor of defendants for failure of plaintiff's counsel to permit deposition of plaintiff was not final appealable order or appealable as collateral order in medical malpractice action); *Fox v. Gabler*, 377 Pa.Super. 341, 547 A.2d 399 (1988) (order of contempt requiring the posting of a $10,000 bond in an accounting action is not appealable as a collateral order where no rights were irreparably lost and the litigation would continue following resolution of the appeal.).

For the reasons cited above, we find the order granting counsel fees based on a frivolous pre-trial filing to be interlocutory and unappealable and therefore grant appellee's motion to quash.

Appeal quashed.