**Thomas NIEMIEC and Carole Niemiec and All Others Similarly Situated, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, and All Others Similarly Situated, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1998.

Filed Dec. 2, 1998.

Edwin P. Smith, Philadelphia, for appellants.

Mark J. Levin, Philadelphia, for appellee.

---

Before McEWEN, President Judge, and LALLY–GREEN and MONTEMURO *, JJ.

MONTEMURO, J.:

This is an appeal from the April 2, 1998 Order of the Philadelphia Court of Common Pleas sustaining the preliminary objections of Appellee, Allstate Insurance Company, dismissing with prejudice Appellants' class action allegations, and referring to arbitration Appellants' individual claim against Appellee. For the reasons set forth below, we must quash this appeal.

Appellants, Thomas and Carole Niemiec, filed this declaratory judgment action to protest a retroactive premium adjustment charged to their account by Appellee following a settlement in federal court regarding the level of uninsured/underinsured motorist coverage provided under their insurance policy. The instant complaint consists of two counts: Count One is an individual claim by Appellants asserting allegations of bad faith and fraud against Appellee arising from its imposition of the retroactive premium adjustment; Count Two raises the same causes of action, but does so through class action allegations against both Appellee and a purported defendant-class of insurance companies. Appellee filed preliminary objections in the nature of a demurrer and challenged Appellants' standing and capacity to sue with regard to the class action allegations contained in Count Two. As to Appellants' individual claims asserted in Count One, Appellee objected on the basis of improper venue and lack of subject matter jurisdiction, arguing that because the amount in controversy is significantly less than $50,000.00,[1] the claims in Count One should be referred to compulsory arbitration.

After a hearing, the trial court entered an Order sustaining Appellee's preliminary objections, dismissing with prejudice Count Two of Appellants' complaint, and referring to arbitration the claims contained in Count One. Appellants filed this timely appeal raising four issues for our review:

I.   Were the class action allegations legally sufficient?

II.  Did the lower court err in determining that the Amended Complaint did not aver "typicality"?

III. Was a class of defendants appropriate in this case?

IV.  Did the lower court err in referring this cause of action to arbitration?

(Appellants' Brief at iv).

We are unable to reach the merits of these issues. This matter involves a single complaint containing two counts, each of which is disposed of by the trial court in a different manner. After a thorough review, we are constrained to quash this appeal as interlocutory.

■ It is well settled that as a general rule an appeal will lie only from a final order. *State Farm Fire and Casualty Co. v. Craley*, 450 Pa.Super. 205, 675 A.2d 732, 733–34 (Pa.Super.1996). The law is clear that an order that has the effect of directing the parties to arbitrate a matter is interlocutory and not appealable. *Campbell v. Fitzgerald Motors, Inc.*, 707 A.2d 1167, 1168 (Pa.Super.1998). This is so because an order compelling arbitration " 'forces the parties into, rather than out of, court.' " *State Farm*, 675 A.2d at 734 (quoting *Maleski v. Mutual Fire Ins.*, 534 Pa. 575, 578, 633 A.2d 1143, 1145 (1993)). Therefore, that portion of the trial court's Order which refers Count One to arbitration is not final and appealable.

■ Similarly, the trial court's dismissal with prejudice of Count Two is also not properly before this Court. Pursuant to Rule of Civil Procedure 1705, Appellee filed preliminary objections in the nature of a demurrer to Count Two of Appellants' complaint, attacking the underlying merits of the class action claims. In its Order, the trial court sustained Appellee's preliminary objections and dismissed with prejudice Count Two of the complaint.

---

* Retired Justice assigned to Superior Court.

1. The amount in controversy is approximately $200, in addition to any monetary relief sought through the payment of interest, treble damages, attorney's fees and costs.

The 1992 amendments to Pennsylvania Rule of Appellate Procedure 341 make clear that an order is not final and appealable unless it "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). Prior to the amendments, an order was considered final if it had the practical effect of putting a litigant out of court; thus the finality of an order was determined often without regard to whether the litigation was terminated as to all claims and all parties. *Robert H. McKinney, Jr., Associates, Inc. v. Albright*, 429 Pa.Super. 440, 632 A.2d 937, 938 (Pa.Super.1993). *See Lee v. Child Care Service*, 461 Pa. 641, 645–46 n. 1, 337 A.2d 586, 588 n. 1 ("An order sustaining preliminary objections and dismissing the class aspects of [an] action is a final order even though individual aspects of the action may survive the order. The order effectively puts out of court those members of the class not parties to the individual action."). However, effective July 6, 1992, Rule 341

> dispenses with this case-by-case analysis, permitting a trial court to enter a final order "as to one or more but less than all of the claims or parties *only* upon an express determination that an immediate appeal would facilitate resolution of the entire case."

*Matukonis v. Trainer*, 441 Pa.Super. 570, 657 A.2d 1314, 1315 (quoting Pa.R.A.P. 341(c)(emphasis supplied)).

"Concisely stated, our Supreme Court has clarified the interlocutory nature of orders dismissing less than all claims or parties: an appeal may not be taken from such orders." *Id.* Accordingly, "[f]or finality to occur, the trial court must dismiss with prejudice the complaint in full." *Mier v. Stewart*, 453 Pa.Super. 314, 683 A.2d 930, 930 (Pa.Super.1996). Our research has failed to uncover any caveat to this rule which would provide an exception for cases such as this involving the dismissal of a single class action count contained in a multi-count complaint. The trial court's Order dismisses only one count of the complaint

and fails to dismiss with prejudice the complaint as a whole or otherwise dispose of all claims and all parties. The interlocutory nature of this order, combined with the lack of certification from the trial court pursuant to Rule 341(c), renders this appeal premature.

■ Finally, we examine Appellants' erroneous contention that this appeal is proper pursuant to *DiLucido v. Terminix*, 450 Pa.Super. 393, 676 A.2d 1237 (Pa.Super.), *appeal denied*, 546 Pa. 655, 684 A.2d 557 (1996). *DiLucido* addresses the appealability of an order denying a request for class certification. A panel of this Court held that an order denying a request for class certification may be appealable as a collateral order under Pa.R.A.P. 313.

A collateral order is one which is

> separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). Thus, "to qualify as a collateral order, the order must determine important rights collateral to the main cause of action, which rights would be irreparably lost if review were postponed until the termination of the case." *Hanson v. Federal Signal Corp.*, 451 Pa.Super. 260, 679 A.2d 785, 788 (Pa.Super.1996). Our Court has held that orders denying class action certification are appealable under the collateral order doctrine as codified in Rule 313, *see id.*, because the issues involved in the certification of a class are typically separate from and collateral to the underlying cause of action for liability raised in the complaint. *DiLucido*, 676 A.2d at 1239.

A motion for class action certification is filed after the close of all pleadings, Pa.R.C.P. 1707, and, in disposing of this motion, the court's *sole* consideration is whether the action shall continue as a class action or as an action with individual parties.[2] In doing

---

**2.** We note that, unlike the procedural stance of *DiLucido*, the instant matter does not involve an appeal from an order denying class certification under Pa.R.C.P. 1707 and 1708. Rather, this is

an appeal from an order which, *inter alia*, sustained preliminary objections and dismissed with prejudice the class action count of Appellants' complaint. Indeed, this matter never proceeded

so, the court must consider, *inter alia,* whether the class meets the numerosity, typicality, and commonality requirements of Pa. R.C.P. 1701, as well as other criteria for class certification detailed in Rules 1708 and 1709. The Rules specifically provide that "the merits of the action and the right of the plaintiff to recover are to be excluded from consideration.... Since the certification hearing is not to be held until the pleading stage is concluded, attacks on the form of the complaint or demurrers to attack the substance must already have been filed and disposed of. The defendant will have already filed an answer on the merits." Note, Pa.R.C.P. 1707. As such, the validity of the claim is already settled before the trial court even addresses the question of whether a class has been established.

■ Thus, because the considerations involved in disposing of a motion for class action certification are not at all related to the merits of the underlying claims raised in the complaint, it is clear that an order denying class action certification is separate from and ancillary to the main cause of action, and, therefore, appealable pursuant to Pa. R.A.P. 313.

We find that the Order in the instant case does not meet the definition of a collateral order, that is, one which is secondary or subordinate to the main cause of action, since the Order actually denies the *existence* of Appellants' cause of action. Unlike a motion for class action certification, preliminary objections attack directly, *inter alia,* the legal sufficiency of the claims included in the complaint. It is axiomatic that the disposition of preliminary objections necessarily involves an examination of the merits of the pleaded causes of action. Therefore, an order sustaining preliminary objections cannot be considered separate from or collateral to the main cause of action since such an order directly addresses the validity of the challenged cause of action and concludes that it is deficient. The difference is clear: upon a motion for class action certification the court considers whether a claim may be brought by a class of plaintiffs, whereas at the earlier, preliminary objection stage, the court must decide whether there exists a valid claim to be brought at all, no matter who the plaintiff.

Here, the trial court sustained Appellee's preliminary objections and dismissed with prejudice Count Two of the complaint containing the class action allegations, concluding that "Plaintiffs have failed to properly plead a fraud-based cause of action, making their amended complaint legally insufficient." (Trial Ct. Op. at 5). This Order, which was preceded by our Court's determination that the class action allegations were "wholly inadequate," [3] speaks directly to the merits of Appellants' class action fraud claims, and, as such, cannot be deemed collateral to or separate from Appellants' cause of action.

Further, by quashing this appeal, we do not foreclose further review of this claim. Without addressing its merits, the trial court referred to arbitration Appellants' individual claim contained in Count One of the complaint. Therefore, the Order entered by the trial court is a hybrid: it dismisses one count with prejudice and refers the remaining count to further litigation in an arbitration forum. Because the individual claim survives, the Order is not final and appealable since it fails to dispose of all claims and all parties. *See* Pa.R.A.P. 341. However, upon conclusion of the arbitration proceedings, Count One will be resolved, leaving Count Two. It is then that the Order becomes final and may be appealed; review is not forbidden, it is merely postponed. Therefore, if the claim survives as to Appellants, the existence of a class and validity of its claims may be examined.

Contrary to Appellants' assertion, we conclude that *DiLucido* is inapplicable to the instant matter because the Order does not involve the denial of class action certification, and Rule 313 offers no relief since the order sustaining preliminary objections is neither collateral to nor separate from the main cause of action. Thus, in the absence of an

as far as a class certification hearing because the trial court disposed of this matter on preliminary objections.

3. *Niemiec v. Allstate Insurance Co.,* No. 576 PHL 1997, unpublished memorandum at 10 n. 5, 704 A.2d 1128 (Pa.Super. filed October 27, 1997).

applicable exception, the dictates of Pa. R.A.P. 341 apply and we are compelled to quash this appeal.

Appeal quashed.

McEWEN, President Judge, files a Dissenting Statement.

McEWEN, President Judge, dissenting.

While the expression of the majority demonstrates a careful analysis and provides a sound rationale, *see: In re Class Action Appeal of Kelly,* 704 A.2d 172 (Pa.Cmwlth.1997), I am obliged, nonetheless and respectfully, to dissent. It strikes me that the interpretation of Rule 313 by this Court in *DiLucido v. Terminix,* 450 Pa.Super. 393, 676 A.2d 1237 (Pa.Super.1996), *allo. denied,* 546 Pa. 655, 684 A.2d 557 (1996), requires that this panel find that an appeal from an order dismissing the class action claim of appellants is immediately appealable pursuant to Rule 313. In my view, there is a hue of inconsistency to a ruling which directs the underlying claim to proceed to trial while concluding that the class action allegations are not collateral to or separate from the underlying claim. Thus it is that I would proceed to a consideration of the substantive claims presented by this appeal.