J-A27011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREAS M. SCHILIT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EQT CORPORATION A/KA EQUITABLE RESOURCES, INC. A/K/A PEOPLE NATURAL GAS COMPANY, LLC, DUQUESNE LIGHT CO., JRD DEVELOPMENT COMPANY, LLC, JEFF RECK, SUE YENCIK, ARBORS MANAGEMENT, BERNSTEIN LAW FIRM PC A/K/A BERNSTEIN-BURKLEY PC, JAMES WALLACE AND JOHN R. DEKLEWA, | |
| Appellees | No. 1915 WDA 2016 |

Appeal from the Order Entered November 18, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  No. GD 14-008994

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED  JANUARY 4, 2018**

Appellant, Andreas M. Schilit, appeals *pro se* from the trial court's November 18, 2016 order dismissing his fourth amended complaint with prejudice.  After careful review, we conclude that Schilit has waived all of the issues he raises herein.  Therefore, we affirm.

The facts underlying this case are not necessary to our disposition of Schilit's appeal.  The trial court summarized the pertinent procedural history of this case, as follows:

On February 23, 2015, [the trial court] sustained preliminary objections to [Schilit's] third amended complaint.

[The court] determined that the complaint failed to conform to Pa[.]R.C.P. 1019 in that it was not in a concise and summary form and because [Schilit] had neglected to attach a necessary writing to the complaint. Schilit's third amended complaint had contained more than 800 paragraphs, few of which were themselves concise. Additionally, multiple causes of action had been pled within individual counts. By way of example, Count I, II and V of the third amended complaint, were captioned, respectively: "Waste, Maladministration, Breach of Fiduciary Duty, Violation of a Statute, Conversion, Negligence"; "Emotional Distress, Degradation, Humiliation, Damage to Property"; and "Negligence, Breach of Contract and Unjust Enrichment[."] Further, Schilit repeated averments contained within one count of the third[]amended complaint elsewhere in that complaint, albeit sometimes slightly altered.

The function of a complaint is to concisely inform a defendant of the essentials of a cause of action, not to burden the defendant with repetitive averments or, worse, to restate prior averments with slight variation. Accordingly, the third[]amended complaint had been dismissed. [The court] granted leave to amend, with specific instructions to Schilit, however, that any amended complaint must conform to Rule 1019 and "shall not repeat any allegations set forth in any prior count[."]

Schilit thereafter filed a fourth amended complaint. Preliminary objections followed from the eight defendants, each asserting that Schilit had not complied with either the February 23, 2015 order of court or the rules of civil procedure. Schilit's fourth amended complaint was grossly noncompliant with the requirement that material facts be pled in a concise and summary form and that each paragraph be confined as far as practicable to only one material allegation. Nor did Schilit conform to the requirement to state each cause of action in a separate count. Additionally, Schilit appended to the fourth amended complaint an affidavit bearing the case caption and signed by him which set forth averments of fact that had been contained in the body of [his] third amended complaint. A large portion of that which Schilit had excised from the third amended complaint to achieve the reduction that had been directed by [the court's] order dismissing that complaint reappeared in the body of the affidavit attached to the fourth[]amended complaint. Of course, shifting allegations from numbered counts within the body of the complaint to an affidavit attached to the complaint

does not bring an objectionably cumbrous complaint into compliance with the pleading requirements for civil actions.

During the pendency of preliminary objections to the fourth amended complaint, Schilit filed a fifth amended complaint, which expanded the fourth amended complaint and also continued to include the affidavit. Filing and serving a fifth amended complaint arguably rendered the fourth amended complaint, as well any pending preliminary objections thereto, moot pursuant Pa[.]R.C.P. 1028(c)(1). Defendants responded to the filing of a fifth amended complaint by individually filing motions to strike that amended complaint or by joining in such motions. Among the contentions set forth in the several motions to strike was that Schilit, in filing his fifth amended complaint, had not complied with the spirit of Pa[.]R.C.P. 1028(c)(1), but had simply submitted another equally noncompliant complaint, further burdening defendants.

In response to the contentions that the fifth[]amended complaint had been filed to further harry defendants rather than to cure errors in the prior complaint, Schilit argued that he had altered the prior complaint "only as absolutely necessary[."] As to non-corporate defendants in particular, Schilit insisted that he had added no new allegations in the fifth[]amended complaint and, therefore, had not further burdened such defendants. That response is disingenuous. Because a general denial is not available to defendants, each defendant must examine the entirety of each new pleading, reading and analyzing an 80-90-page pleading on each revision. There was no evident good purpose served by filing the fifth amended complaint; little by way of additional pertinent fact[s] appeared in that complaint.

No version of the complaint in this matter has been concise nor have the allegations that have been set forth within any version of the complaint been stated in summary form. Accordingly, by order dated December 7, 2015, [the trial court] dismissed Schilit's fifth amended complaint pursuant to [Appellees'] contentions that it did not conform to the requirements of Pa.R.C.P. 1028(c)(1) and, so, did not render the prior complaint moot. [The court] then considered objections to the fourth amended complaint, sustained those objections and dismissed the complaint. Schilit appealed from that December 7, 2015 order.

One of the named defendants, James Wallace, had not filed preliminary objections to Schilit's fourth amended complaint. Nor, upon receiving notice of appeal from Schilit, did [the court] make an explicit determination that an immediate appeal as to fewer than all defendants would facilitate resolution of the entire case. Accordingly, the order from which Schilit appealed could not be considered a final order under Pa.R.A.P. 341(c). See, *Robert H. McKinney, Jr., Associates, Inc. v. Albright*, 632 A.2d 937, 939, 429 Pa. Super. 440, 443 (Pa. Super.[] 1993). Accordingly, the Superior Court quashed the appeal by order dated October 20, 2016.

Thereafter, on October 25, 2016, Defendant Wallace filed preliminary objections to Schilit's fourth amended complaint. [The court] sustained those objections by order of court dated November 18, 2016, dismissing the fourth amended complaint with prejudice. A notice of appeal from that order followed on December 19, 2016….

Trial Court Opinion (TCO), 2/15/17, at 2-5.

On January 3, 2017, the trial court issued an order directing Schilit to file a Pa.R.A.P. 1925(b) statement. On January 24, 2017, Schilit filed a Rule 1925(b) statement that was anything but concise; instead, Schilit submitted a 12-page document containing 136 numbered paragraphs. Many of those paragraphs appear to be Schilit's narrative of the history of this case, rather than issues he seeks to raise on appeal. Schilit's excessively lengthy Rule 1925(b) statement required the trial court to guess at what issues he intended to raise on appeal, and then address those issues to the best of its ability. *See* TCO at 5 (the court's stating that it would "attempt to address the five matters that Schilit seems to complain of in his Rule 1925(b) filing"). This Court has declared that "[w]hen a court has to guess what issues an

- 4 -

appellant is appealing, that is not enough for meaningful review." ***Jones v. Jones***, 878 A.2d 86, 89 (Pa. Super. 2005) (citation omitted).

Additionally, our meaningful review of Schilit's appeal is further hampered by deficiencies in his appellate brief. Specifically, Schilit sets forth seven claims in his "Statement of the Questions Involved," yet his "Argument" section is not divided into any distinct issues, thus violating Pa.R.A.P. 2119(a). We also point out that the seven claims Schilit asserts herein do not clearly align with the five issues that the trial court presumed he was raising in his Rule 1925(b) statement. Thus, the trial court - through no fault of its own - did not address some of the precise arguments Schilit raises herein.

For all of these reasons, we conclude that Schilit has waived the issues he seeks to raise in this appeal. ***See Jones***, 878 A.2d at 90-91 (concluding that the appellant waived all her issues where her Rule 1925(b) statement was excessively lengthy, which impeded the trial court's assessment of her issues, and where she also disregarded "the briefing requirements contained in the Rules of Appellate Procedure, particularly those contained in Pa.R.A.P. 2119"). Accordingly, we affirm the court's order dismissing his fourth amended complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/4/2018