J-S42021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES EARL JOHNSON | |
| Appellant | No. 1751 WDA 2013 |

Appeal from the PCRA Order October 2, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000116-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES EARL JOHNSON | |
| Appellant | No. 2004 WDA 2013 |

Appeal from the PCRA Order October 2, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003200-2010

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.                **FILED AUGUST 22, 2014**

Appellant James Earl Johnson appeals pro se from the Court of Common Pleas of Erie County's order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.  We affirm.

At docket number CP-25-CR-0003200-2010, after a non-jury trial, the court found Johnson guilty of rape,[1] burglary,[2] and terroristic threats.[3] On direct appeal, this Court summarized the facts as follows:

> On November 6, 2010, Johnson entered Allyson Dragoone's unlocked second story apartment and nudged her shoulder to wake her up. Dragoone, who was asleep on her bed in the living room with the television on, awoke and saw a tall black man standing over her. She did not recognize him and initially asked if this was a joke. Johnson said this was serious and told her to roll over or he would hurt her. He removed her pants and made her take off her shirt. Then he moved her underwear to the side and put his penis in her vagina. He stuck his tongue in her mouth and threatened to hurt her when she objected to the contact. He ejaculated inside her then grabbed her arm and brought her to the bathroom where he forced her to clean herself. The bathroom was lit and Dragoone was able to see Johnson's face in the mirror. Johnson brought her back to bed, told her to stay there, then left.
>
> Dragoone ran to the window and saw a dark Dodge Durango drive away. She was familiar with this vehicle because she had worked at a Dodge dealership. Once Johnson left, Dragoone called 911. Officer Langdon responded to the residence and took a report of the incident from Dragoone, including a description of the suspect and vehicle. He then took Dragoone to the hospital for a rape kit.
>
> The following evening Officer Langdon came across a vehicle illegally parked outside of a bar that matched the vehicle Dragoone described. Officer Langdon went back to get the license plate and observed Johnson standing next

_____

[1] 18 Pa.C.S. § 3121(a)(1).

[2] 18 Pa.C.S. § 3502(a).

[3] 18 Pa.C.S. § 2706(a)(1).

- 2 -

to the vehicle. Believing that both the vehicle and Johnson matched Dragoone's description, Officer Langdon spoke to Johnson who provided him with identifying information. Officer Langdon passed this information on to Detective Lawrence.

The following day Detective Lawrence created a photo lineup, which included a photo of Johnson. Dragoone came to the Police Department and viewed the photo lineup but was unable to identify her assailant; however, Detective Lawrence testified that while viewing the lineup she placed her hand over Johnson's photograph, covering it up. At that point Detective Lawrence created a composite sketch of the suspect with Dragoone's help.

The next day Dragoone went to Magisterial District Judge Tom Robie's office, where her mother is employed. Dragoone went into Judge Robie's office where she was shown a single photograph of Johnson on the Megan's Law Website. Judge Robie asked her if that was the person who raped her. Dragoone vomited and then replied yes. Based on the identification Johnson was arrested and charged with the above offenses.

Dragoone positively identified Johnson at the preliminary hearing and at trial. Additionally, at trial a serologist from the Pennsylvania State Police Crime Lab testified that seminal material was present in the vaginal swabs from Dragoone's rape kit, and forensic scientist Alex Glessner testified that the DNA mixture found on the swabs was much more likely to have come from Dragoone and Johnson, than from Dragoone and another man.

*Commonwealth v. Johnson*, No. 1852 WDA 2011 (Pa.Super.Aug.10, 2012) (unpublished memorandum).

On October 17, 2011, the trial court sentenced Johnson to a term of life imprisonment without parole for the rape conviction, a term of life imprisonment without parole for the burglary conviction, and a term of 30 to 60 months imprisonment for the terroristic threats conviction.

At docket number CP-25-CR-0000116-2011, Johnson pled guilty to charges of possession of a small amount of marijuana[4] and possession of drug paraphernalia.[5] On October 17, 2011, the trial court sentenced Johnson to a term of 30 days imprisonment for the possession conviction, which was to run consecutive to the sentence imposed at CP-25-CR-0003200-2010, and a term of 6 to 12 months imprisonment on the paraphernalia conviction, to run consecutive to the sentence for possession.

On November 23, 2011, Johnson appealed his judgment of sentence at CP-25-CR-0003200-2010. On August 10, 2012, we affirmed.[6]

On December 11, 2012,[7] Johnson filed a pro se PCRA petition. His PCRA petition alleged:

(1) His arrest on the drug charges was pretextual and designed to allow police to interrogate him regarding the rape charges;

_____

[4] 35 Pa.C.S. § 780-113(a)(31).

[5] 35 Pa.C.S. § 780-113(a)(32).

[6] Johnson did not file a direct appeal of his judgment of sentence at CP-25-CR-0000116-2011. *See* Docket, CP-25-CR-0000116-2011. Accordingly, because he was sentenced on October 17, 2011, any PCRA claims regarding his judgment of sentence and guilty plea at CP-25-CR-0000116-2011 are untimely. 42 Pa.C.S.A. § 9545(b)(1) (a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

[7] The postage indicates Johnson mailed the PCRA petition on December 11, 2012.

(2)   Ineffective assistance of counsel for failing to request relief due to the pretextual nature of the arrest;

(3)   Ineffective assistance of counsel for compromising his speedy trial rights;

(4)   The court erred in not allowing his counsel[8] sufficient time to prepare a defense;

(5)   The Commonwealth failed to provide discovery materials;

(6)   Ineffective assistance of counsel for failing to pursue this failure through a pre-trial motion; and

(7)   The identification evidence of a witness was unduly suggestive.

*See* Motion for Post Conviction Collateral Relief, 12/13/2012, and accompanying memorandum [hereinafter Pro Se Petition]; Letter to Judge Garhart from William J. Hathway, Esq., 3/21/2013 [hereinafter *Turner* Letter].

The PCRA court appointed counsel, who filed a no merit letter pursuant to *Commonwealth v. Finley*[9] and *Commonwealth v. Turner*.[10]  Counsel noted that the case hinged on the identification evidence.  *Turner* Letter, at

_____

[8] Johnson had different pre-trial and trial counsel.  Both counsel were from the Public Defender's Office.

[9] 550 A.2d 213 (Pa.Super.1998).

[10] 544 A.2d 927 (Pa.1988).

2-3.[11]  The admissibility of such evidence was previously litigated, because counsel filed a motion seeking to suppress the identification, counsel challenged the denial of the motion on appeal, and this Court affirmed the denial of the motion.  *Id.* at 2.  Counsel further opined that Johnson's remaining allegations lacked merit.  *Id.* at 3.

On August 5, 2013, the PCRA court issued a notice of intent to dismiss Johnson's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.[12]  Johnson filed objections to this notice.

On October 2, 2013, the PCRA court dismissed the PCRA petition and, on November 1, 2013, it granted counsel's petition for leave to withdraw. On October 28, 2013, Johnson filed a notice of appeal.  On December 2, 2013, Johnson filed a concise statement of matters complained of on appeal alleging:

_____

[11] The **Turner** Letter does not contain page numbers.  All numbers are supplied by this Court.

[12] The court summarized Johnson's claims as follows:  "(1) Defendant challenges his identification by [the victim] as unduly suggestive, due to the nature in which the identification took place; (2) the court failed to afford attorney Ungerman sufficient time to prepare a defense when it denied a continuance; (3) counsel wrongfully compromised his speedy trial rights; (4) counsel failed to compel the production of discovery materials as part of the Omnibus Motion; (5) Defendant's arrest on the drugs charges was pretextual in nature and was designed solely to interrogate him with regard to the rape case, and  (6) counsel was ineffective for failing to challenging the pretextual arrest."  Notice of Intent , 8/5/2013, at 4.

(1)     A due process violation because the evidence was insufficient to sustain his conviction;

(2)     The prosecution withheld exculpatory discovery evidence, including "the dwelling contents affirmed to be in police control;"

(3)     Ineffective assistance of counsel maintaining: "counsel act[ed] as Amicus Curiae assisting prosecution in time to prepare"; counsel was ineffective at the suppression hearing because he did not "hold[] Court with  burden of proof beyond a reasonable doubt and [did] not assert[] production of items request;" and counsel was ineffective at trial because he failed to effectively cross-examine witnesses;

(4)     A violation of his speedy trial rights;

(5)     The witness identification was unduly suggestive;

(6)     Ineffective assistance of PCRA counsel; and

(7)     The trial court erred when it dismissed the PCRA petition without a hearing.

Concise Statement of Matters Complained of on Appeal, at 1-3.

The PCRA court issued a 1925(a) opinion and incorporated its Notice of Intent to Dismiss, which found Johnson's claim that the identification was unduly suggestive was previously litigated, and that all ineffective assistance of counsel claims raised in the PCRA petition lacked merit.  1925(a) Opinion, at 4-5; Notice of Intent, at 4-5.  The 1925(a) opinion further found any claim not raised in his PCRA petition was waived, except claims of PCRA

counsel ineffectiveness. 1925(a) Opinion at 4. His claims of PCRA counsel ineffectiveness lacked merit because Johnson failed to plead and prove any of the three ineffectiveness prongs. *Id.*

Johnson raises the following issues on appeal:[13]

> 1. Was November 7,2010 'police stop' resulting in twelve (12) hour detention and custodial interrogation in violation of defendant's constitutionally guaranteed rights as afforded by USCA 4, USCA 5 and Pa.CW Art.1 § 8?
>
> 2. Was petitioner denied effective assistance of counsel [EAC] at critical stages of trial and appellate proceedings as constitutional and statutory guarantees of USCA 6, Pa.CW Art. 1 § 9 and 42 Pa.C.S. § 9541 et seq?
>
> 3. Was petitioner denied Due Process as constitutionally mandated by USCA 14 when [the Commonwealth] was awarded a conviction for §3121 & §3502 without proving every element of charged offense aka 'Burden of Proof, Beyond a Reasonable Doubt[BP-BRD]?
>
> 4. Did the PCRA Court abuse its discretion by denying a full and fair Evidentiary Hearing?
>
> 5. Has petitioner satisfied the statutory requirement of: 42 Pa.C.S. §9543.1 to invoke this Court's Judicial Authority compelling Trial Court's Remand Order of Post-Conviction DNA Testing [PC-DNA]?

_____

[13] An appellant waives any issue not raised in his or her appellate brief. *State Farm Fire & Cas. Co. v. Craley*, 675 A.2d 732, 733 n.1 (Pa.Super.1996) (finding issues waived where not mentioned in appellate brief). To the extent Johnson raises additional issues in his reply brief by discussing the issues raised in his 1925(b) statement, including that the identification was unduly suggestive, such issues are waived. *See Commonwealth v. Otero*, 860 A.2d 1052, 1054 (Pa.Super.2004) ("Issues presented before this court for the first time in a reply brief are waived"). Further, the trial court properly disposed of all issues raised in Johnson's 1925(b) statement.

Appellant's Brief, at 12.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 549 Pa. 400, 701 A.2d 516, 520 (1997)).

Johnson first claims the police stop was pretextual. Appellant's Brief, at 15. In support of this claim, he maintains the Commonwealth had a copy of a traffic stop video and did not provide this video to counsel. ***Id.*** This claim was not raised below. Johnson previously claimed his arrest on the drug charges was pretext to interrogate him regarding the rape allegations. Pro Se Petition, Facts of the Alleged Errors, at 1; ***Turner*** Letter at 2. This claim differs from the claim raised in his brief, i.e., the underlying traffic stop was pretextual. This claim, therefore, is waived. ***Commonwealth v. Jones***, 912 A.2d 268, 278 (Pa.2006) ("an issue is waived where it was not presented in the original or amended PCRA petition below").

Moreover, even if not waived, the claim is meritless. Evidence established Johnson's car was parked illegally and both the car and Johnson matched the descriptions provided by the victim. Therefore, the stop was proper. ***See Commonwealth v. Chase***, 960 A.2d 108, 120 (Pa.2008) (where "police can articulate a reasonable suspicion of a Vehicle Code violation, a constitutional inquiry into the officer's motive for stopping the vehicle is unnecessary").

Johnson next alleges ineffective assistance of counsel claims. To establish an ineffective assistance of counsel claim, a petitioner must "plead and prove by a preponderance of the evidence . . . that the conviction or sentence resulted from . . . ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Robinson**, 877 A.2d 433, 439 (Pa.2005) (citing **Commonwealth v. McGill**, 574 Pa. 574, 832 A.2d 1014, 1020 (2003)). Pennsylvania courts apply the following three-prong test to ineffectiveness claims: whether "(1) the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Id.** "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Id.** (quoting **Rivera**, 10 A.3d at 1279).

Johnson's ineffective assistance of counsel claims on appeal are: (1) Johnson was denied a voice in assembling a defense theory and counsel ignored communications from Johnson regarding ex-parte communications between the Commonwealth, a district judge and detectives; evidence from the district attorney; clarification of charges; review of pretrial motions; and

clarification of non-consentable waiver of speedy trial rights; (2) counsel abandoned Johnson and did not supply documentation to new counsel and new counsel was not provided sufficient time to prepare a defense; and (3) counsel failed to pursue inconsistent testimony. Appellant's Brief, at 16-17. Johnson also alleges PCRA counsel ineffectiveness for failing to fully understand Johnson's claims. *Id.*, at 17.

To the extent the claims were raised below, including ineffective assistance of counsel related to speedy trial rights, the absence of discovery materials, and the lack of time to prepare for trial, the trial court acted within its discretion when it found Johnson failed to establish the ineffective assistance of counsel prongs. Johnson did not present any evidence his claims had arguable merit or that the trial outcome would have differed.[14] The PCRA court also did not err in finding Johnson waived any claims raised in the 1925(b) statement, but not raised in the PCRA petition.[15] *Jones*, 912

_____

[14] The court noted Johnson did not make any inculpatory statements when in custody and failed to establish a nexus between the drug arrest and the subsequent interrogation regarding the rape. Notice of Intent, 8/5/2013, at 5. Therefore, counsel was not ineffective for failing to raise the issue of a pretextual arrest. *Id.*

[15] The waived claims include the claim of ineffective assistance of counsel due to an alleged failure to pursue inconsistent testimony, which was not raised in the PCRA petition.

A.2d at 278 ("an issue is waived where it was not presented in the original or amended PCRA petition below").[16]

Further, because Johnson's underlying claims are meritless, the trial court did not err when it found Johnson's claim of ineffective assistance of PCRA counsel also failed. PCRA counsel cannot be found ineffective for failing to raise a meritless claim. **Commonwealth v. Keaton**, 82 A.3d 419, 426 (Pa.2013) ("[I]t is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims." (quoting **Commonwealth v. Pursell**, 555 Pa. 233, 724 A.2d 293, 304 (1999))).

Johnson's third claim maintains the evidence was insufficient to support the conviction. Because he did not raise this claim in his PCRA petition, the claim is waived. **Commonwealth v. Jones**, 912 A.2d 268, 278 (Pa.2006) ("an issue is waived where it was not presented in the original or amended PCRA petition below"). Further, insufficient evidence claims are not cognizable on PCRA review. **See** 42 Pa.C.S. § 9543(a)(2) (listing categories eligible for PCRA relief).

Johnson's fourth claim alleges the trial court abused its discretion when it denied his PCRA petition without a hearing. This claim lacks merit. A hearing is not required where there are no genuine issues of material fact,

_____

[16] Moreover, Johnson fails to establish any counsel ineffectiveness claims because he fails to establish any underlying claim had merit and fails to establish any claim would have altered the trial's outcome.

the defendant is not entitled to PCRA relief, and no purpose would be served by further proceedings. Pa.R.Cr.P. 907(1). The trial judge found no hearing was required because there existed no genuine issues of material fact and PCRA relief is not warranted. This was not error.

Johnson's fifth claim alleges he should be permitted to amend his PCRA petition to request additional discovery related to DNA evidence.[17] Amendment would not be proper. A trial court may grant leave to amend a PCRA petition at any time "to achieve substantial justice." Pa.R.Crim.P.905(A). However, the Commonwealth was not required to conduct DNA testing of evidence obtained from the apartment, particularly because Johnson's DNA matched the vaginal swab of the victim. Therefore, any amendment to allow additional discovery would not achieve substantial justice.

_____

[17] In a November 27, 2013 correspondence to the trial court, Johnson claimed a number of items were missing from discovery, including reports pertaining to fingerprint lifts, hair and fiber dustings, and testing of the bedding, clothing, and towels. 1925(a) Opinion, 12/20/2013, at 3 n.1. The PCRA court ordered the Commonwealth to file a written response. *Id.* The Commonwealth responded stating it sent a copy of the serology report requesting "hair and fiber dustings," that no fingerprint analysis was conducted, and that the Commonwealth did not send the bedding or clothing to the lab because Johnson's DNA matched the DNA on the victim's vaginal swabs. The PCRA court found this letter fully addressed Johnson's discovery concerns and we agree.

Order affirmed and application for relief denied.[18]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014

_____

[18] Johnson filed an "Application for Relief: Request for Court to Impose Consequences for Failure to File a Brief Pursuant to Pennsylvania Rules of Appellate Procedure § 2188." We deny this application.