J-S33017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAMERON C. TROILO, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B. BLAIR CORPORATION | : | |
| | : | |
| Appellant | : | No. 2785 EDA 2019 |

Appeal from the Order Entered August 28, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2016-03212

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                              Filed: August 25, 2020

B. Blair Corporation (Appellant) appeals from the order granting in part

and denying in part its motion to compel arbitration of the breach of

contract/warranty action brought against by Appellee, Cameron C. Troilo, Inc.

(Troilo).  Upon review, we affirm.

The trial court summarized the history relevant to this appeal as follows:

> This case involves a contract for site development work and
> paving.  [Troilo] was the lead contractor on a development project
> called "Flowers Field."  Troilo began contract negotiations with
> [Appellant] to provide asphalt work on the project.  Neither party
> would agree to the proposed terms of a written contract offered
> by the other [(hereinafter, "proposed contracts")].  However, the
> parties entered into an oral agreement to start work.  This oral
> agreement was based on the terms of a price sheet that had been

_____

[*] Former Justice specially assigned to the Superior Court.

proposed by [Appellant ("Price Sheet").[1]] Work began on the project under these terms, ratifying the oral contract. This agreement has been identified by the court and the parties as the "Basic Contract."

As work was being performed under the Basic Contract, issues arose regarding the quality of the asphalt work. Troilo claims the asphalt "deviated from the prescribed PennDot Job Mix Formula ("JMF") target gradation, because the asphalt did not have a sufficient amount of asphalt in it." On May 23, 2016, Troilo filed a complaint against [Appellant] claiming breach of contract, breach of express warranty, and breach of implied warranty. On July 19, 2016, [Appellant] filed an answer and new matter.

Aside from the work performed under the Basic Contract, **additional** work was performed [by Appellant] at the Flowers Field project. To contract for this extra work, [Appellant and Troilo] entered [into] a series of [written] Additional Work Authorization agreements [(collectively, "AWAs") over several months]. These were signed by the foreperson assigned to the site as [Appellant's] representative[,] and Cameron Troilo, Jr., on behalf of Troilo. Each [AWA] included the following provision:

> At [Appellant's] election, and its sole discretion, any claim between [Appellant] and Troilo arising from a dispute under this Agreement shall be submitted to arbitration in accordance with the Construction Industry Rules of the American Arbitration Association [("AAA")]. Any award rendered by an arbitrator or arbitrators shall be final and judgment may be entered upon it. [(hereinafter, "the AWA arbitration provision").]

On January 14, 2019, [Appellant] filed a Demand for Arbitration with the [AAA], pursuant to their contention that [under the AWA arbitration provision,] all disputes related to the Flowers Field project were subject to compulsory arbitration. On January 25, 2019, Troilo filed a Petition to Stay and Enjoin [the

---

[1] The Price Sheet, which neither party signed, contained a provision stating that any disputes arising out of the parties' agreement concerning the Flowers Field project would be resolved in the Bucks County Court of Common Pleas. Appellant's Motion to Compel arbitration, 3/21/19, Exhibit 1 (Price Sheet).

arbitration]. On March 21, 2019, [Appellant] filed a [Motion] to Compel.

On July 2, 2019, oral argument was held on Troilo's Petition to Stay and Enjoin … and [Appellant's Motion] to Compel arbitration. On August 28, 2019, the court issued an order granting in part and denying in part the Motion to Compel. The Motion was: "GRANTED **only** to the [AWAs] signed by both parties that contained the [AWA] arbitration provision. **It is DENIED as to the** "**Basic Contract**" which was never signed by the parties. [Order, 8/28/19, at 1 (emphasis added); **see also id.** at 1-2 (stating that the Basic Contract "was ratified by the performance of the work with the clear understanding by Troilo and [Appellant] that the arbitration [] provision was not agreed upon.")]. The work performed under the [AWAs] was also subject to the lawsuit filed by Troilo, as the allegations relate to all of the asphalt work performed by [Appellant].

Trial Court Opinion, 1/17/20, at 1-3 (footnote citations and some capitalization omitted, footnote and emphasis added).

Further, the "Terms and Conditions" section of the AWAs provides:

These Terms and Conditions shall supplement any prior written agreement between the Parties on the Project where the work is being performed and shall apply to the work described above [(hereinafter, the "supplement provision")], but if no prior written agreement exists, these terms and conditions shall represent the entire Agreement between [Appellant] and [Troilo (hereinafter, the "completeness provision").] …

Motion to Compel, 3/21/19, Exhibit 2 (AWAs).

Appellant timely filed a notice of appeal from the August 28, 2019 order,[2] followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

_____

[2] **See** 42 Pa.C.S.A. § 7320(a)(1) (providing that an "appeal may be taken from" a "court order denying an application to compel arbitration").

- 3 -

Appellant presents five issues for our review:

1. Should the court order the parties to arbitrate all disputes under both the Basic Contract and the AWAs based upon the supplement provision, which added the arbitration agreement to the Basic Contract as a supplemental term?

2. As a subset to question #1, should the court enforce all of the terms and conditions in the AWAs, including the term which states that the terms of the AWAs "shall supplement any prior written agreement," as well as the supplemental terms themselves, including the arbitration agreement?

3. As a subset to question #1, should the court enforce all of the terms and conditions of the AWAs, which provide that "if no prior written agreement exists, these terms and conditions shall represent the entire agreement?"

4. As a subset to question #1, is enforcement of the arbitration agreement incompatible with the terms of the Basic Contract?

5. Should the Court stay all proceedings in the lower court pending the outcome of the required arbitration?

Appellant's Brief at 5-6 (some capitalization omitted).

We address Appellant's first four issues simultaneously, mindful of our standard of review:

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence. In doing so, we employ a two-part test to determine whether the trial court should have compelled arbitration. The first determination is whether a valid agreement to arbitrate exists. The second determination is whether the dispute is within the scope of the agreement.

Whether a claim is within the scope of an arbitration provision is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary. The scope of arbitration is determined by the intention of the parties as

- 4 -

ascertained in accordance with the rules governing contracts generally. These are questions of law and our review is plenary.

Arbitration is a matter of contract, and parties to a contract cannot be compelled to arbitrate a given issue absent an agreement between them to arbitrate that issue. Even though it is now the policy of the law to favor settlement of disputes by arbitration and to promote the swift and orderly disposition of claims, arbitration agreements are to be strictly construed and such agreements should not be extended by implication.

*Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. 2012) (citations and quotation marks omitted).

Appellant argues that the trial court erred in refusing to send the parties' dispute under the Basic Contract to arbitration, where the AWA arbitration provision applied to *all* disputes between the parties regarding the Flowers Field project. *See* Appellant's Brief at 20-41. According to Appellant, the court erred in engaging in a "strained and tortured analysis" of the terms of the Basic Contract and AWAs, and incorrectly concluded they were separate agreements. *Id.* at 15, 30-34. Appellant asserts, "[t]o the contrary, the AWAs represent an agreement to modify the scope of work under the Basic Contract for the performance of the extra work." *Id.* at 32; *see also id.* at 32, 41 (arguing the respective contracts are "inextricably intertwined" and "obviously refer to each other and should have been construed together"). Appellant contends that the AWAs supplemented and modified the terms of the Basic Contract, pointing to the AWA supplement provision. *Id.* at 32-33, 36.

- 5 -

In support of its ruling that any disputes under the Basic Contract must remain in court, the trial court opined:

> [The AWAs] and the Basic Contract are two **separate** agreements. The terms of the [AWAs] **have no bearing** on the Basic Contract; therefore[,] none of the terms of the [AWAs] supplement nor have any other effect on terms in the Basic Contract.
>
> * * *
>
> [The completeness provision states:] "if no prior **written** agreement exists, these terms and conditions represent the entire agreement." While this term applies to the [AWAs], it is **inapplicable to the Basic Contract**. The Basic Contract was formed via an **oral** agreement based upon proposed prices by [Appellant,] and was ratified when the parties performed under those terms. Since the Basic Contract was a **separate** agreement, the terms of the [AWAs] have no impact on the Basic Contract.

Trial Court Opinion, 1/17/20, at 5-6 (emphasis added; footnote citations omitted). Upon review, we find the trial court's conclusion supported by the record and law.

Simply put, the AWAs and the Basic Contract **are** separate agreements. The AWAs neither supplement nor modify the oral Basic Contract, which does not include an agreement regarding arbitration. The Basic Contract concerned Appellant's **initial** performance of work on the Flowers Field project. On the other hand, the subsequently executed AWAs concerned additional work that Appellant had agreed to perform to repair the alleged defects in their original work on the project. This Court has cautioned that where there exists an arbitration clause in an "unrelated contract between the parties," such clause

"cannot be read so broadly as to encompass any and all disputes that arise between the parties." ***Setlock v. Pinebrook Pers. Care & Ret. Ctr.***, 56 A.3d 904, 912 n.7 (Pa. Super. 2012); ***see also id.*** (stating that such an outcome "leads to a result beyond the intent of the parties at the time of entertaining into a contract"); ***Elwyn***, ***supra*** (emphasizing that arbitration agreements should not be extended by implication). Further, we do not discern any support for Appellant's claims that (1) the AWAs and the Basic Contract are "inextricably intertwined"; or (2) "the AWAs refer back to the Basic Contract." Appellant's Brief at 32, 39 (quotations omitted).

Additionally, our review reveals no evidence of record to contradict the trial court's factual finding that the parties never agreed to arbitrate disputes arising out of the Basic Contract. Therefore, we cannot disturb this finding. ***See Krebs v. United Ref. Co.,*** 893 A.2d 776, 783 (Pa. Super. 2006) (stating "[w]hen oral contracts are disputed, the issues of what was said, done and agreed upon by the parties are ones of fact to be determined by the fact finder"; as "a reviewing court, we will not disturb the findings of a trial judge sitting as fact finder unless we determine that the court's findings are not based on competent evidence of record."); ***see also Greene v. Oliver Realty, Inc.***, 526 A.2d 1192, 1194 (Pa. Super. 1987) (stating that in cases

involving oral contracts, courts must "examine the surrounding circumstances to determine the parties' intent.").[3]

Finally, there is no merit to Appellant's allegation that the Basic Contract is a written agreement. **See** Appellant's Brief at 26 (emphasizing the supplement provision, which states that the AWAs "shall supplement any prior written agreement between the parties on the project.").[4] Rather, the Basic Contract was an **oral** contract—and such contracts are enforceable—a fact which Appellant does not dispute. Accordingly, Appellant's first four issues do not merit relief.

In its fifth and final issue, Appellant contends that the trial court erred by failing to stay the judicial proceedings implicating the Basic Contract, pending arbitration of the contract/warranty dispute under the AWAs. Appellant's Brief at 42. Appellant argues that this action violated 42 Pa.C.S.A. § 7304(d), which states:

_____

[3] We note that at the hearing on the Motion to Compel, Appellant's counsel pointed out an email sent from the president of Troilo to Appellant in connection with the work on the Flowers Field project, where the president stated he "will not sign an American Arbitration Association Agreement." N.T., 7/2/19, at 47. Also, the provisions of the respective proposed contracts concerning the project were in conflict as to whether disputes between the parties would be decided by a court of competent jurisdiction or by arbitration.

[4] Appellant relies upon the fact that the Price Sheet, upon which the Basic Contract was predicated, is a written document. **See** Appellant's Brief at 33, 35-36. However, the Price Sheet contained no arbitration clause and was not signed by the parties.

**(d)  *Stay of judicial proceedings.*  —** An action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section. **If the issue allegedly subject to arbitration is severable, the stay of the court action or proceeding may be made with respect to the severable issue only**.  If the application for an order to proceed with arbitration is made in such action or proceeding and is granted, the court order to proceed with arbitration shall include a stay of the action or proceeding.

42 Pa.C.S.A. § 7304(d) (emphasis added).[5]

In sum, the trial court correctly determined that the parties' respective disputes under the AWAs and the Basic Contract were severable under Section 7304(d); they are separate agreements and involve separate terms.  *See* Trial Court Opinion, 1/17/20, at 7-8.  *Cf. Maleski v. Mut. Fire*, 633 A.2d 1143, 1145 (Pa. 1993).  Accordingly, the court did not err and Appellant's final issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20

---

[5] In its brief, Appellant omitted the emphasized sentence in Section 7304(d) concerning severability with ellipses.

- 9 -