J-S19014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FORREST J. DEITZLER, ELAINE H. DEITZLER, AND  TIMOTHY DEITZLER, | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| KENNETH J. SMITH | : | No. 1571 MDA 2023 |
| Appellant | | |

Appeal from the Order Entered October 31, 2023
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-803-2023

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED: SEPTEMBER 13, 2024**

Appellant, Kenneth J. Smith, appeals from the order entered by the Schuylkill County Court of Common Pleas on October 31, 2023, granting preliminary injunctions sought by Appellees, Forrest J. Deitzler, Elaine H. Deitzler, and Timothy Deitzler, to enforce a 2016 agreement regarding an easement.  In the agreement, Appellees granted Appellant an easement on an "unpaved road" located on their property.  Easement Agreement, 6/29/16, at 1.  In the instant litigation, however, Appellant, argued that the unpaved road is on his property, not Appellees' property, and that the easement is elsewhere on Appellees' property.   Appellant contended that since the unpaved road was on his property, he had the right to utilize the unpaved

_____

[*] Retired Senior Judge assigned to the Superior Court.

road in ways that obstructed Appellees' use of it. The trial court rejected Appellant's argument and entered a preliminary injunction prohibiting Appellant from obstructing Appellees' use of the unpaved road. The trial court also granted Appellees' request for attorneys' fees. We affirm the portion of the trial court's order granting the preliminary injunction and quash the appeal of the portion of the order granting Appellees' attorney fees because Appellant does not have the right to file an interlocutory appeal of that portion of the order.

We glean the following facts and procedural history from the trial court's opinion and the certified record. The case involves an ongoing property dispute between Appellant and Appellees, who own adjacent properties in Orwigsburg, Schuylkill County. The properties were previously unified in the hands of an ancestor of Appellant and Appellee Elaine Deitzler, who are cousins. It appears that when Appellant's and Appellee's fathers divided the properties, they did not obtain a formal survey to identify the boundary line between the properties but rather "pinned it themselves[,]" resulting in what the trial court aptly described as a "mess" from being "[a] penny wise[] and a pound foolish." N.T., 7/25/23, at 92.

The parties' current dispute involves the location of an easement and whether it follows the unpaved road near the border between Appellant's and Appellees' properties, which both parties have used to access their respective properties. In particular, both parties agree that the easement borders Appellees' western property line but disagree regarding the exact location of

the property line. The location of the line determines whether the unpaved road is on Appellant's or Appellees' property.

The trial court noted that it had presided over a prior property dispute between the parties that resulted in a 2016 settlement agreement, in which Appellees' granted Appellant a non-exclusive easement to use the unpaved road along the western boundary of Appellees' property ("Settlement Agreement"). Specifically, the Settlement Agreement stated that Appellant claimed "the right to use a certain Driveway (as defined in [Appellant's] Complaint) located on [Appellees'] Property to access [Appellant's] Property[.]" Settlement Agreement, 6/29/16, at 1.

The referenced complaint appears to be one filed by Appellant on September 24, 2014. While Appellant's 2014 complaint did not define "Driveway[,]" it did define "Access Road" as follows: "Because [Appellant's] Property is otherwise landlocked, the only available means of ingress, egress and regress upon [Appellant's] Property is an unpaved road which begins at Pine Tree Lane, a public road, and bisects [Appellant's] Property and [Appellees'] Property (hereinafter the 'Access Road')." Compl., 9/24/14, at ¶ 8; **see also** N.T. at 15-16. The Settlement Agreement stated that Appellees granted Appellant "an Easement for the use of the Driveway in the form marked as Exhibit 'A' attached hereto and incorporated herein by reference." Settlement Agreement at ¶ 1.

Exhibit A appears to reference the Easement Agreement, which specified that Appellant "**utilizes a certain unpaved road of [Appellees],** being

- 3 -

approximately twenty (20) feet wide and extending approximately three hundred twelve (312) feet; more or less, along the Western boundary of the [Appellees'] Property, to access [Appellant's] Property (hereinafter referred to as the 'Easement')" (emphasis added). Easement Agreement at 1. Appellees agreed to grant Appellant "a perpetual nonexclusive Easement[,]" as described above, with "the right of ingress and egress over, across and through that portion of [Appellees'] Property." *Id.* at ¶ 2. Attached to the agreements was a tax map upon which was a hand-drawn easement of 312 feet extending straight from the termination of what appears to be the township road of Pine Tree Lane.

The Settlement Agreement additionally included a broad release for the parties and all successors, *inter alia*, from "all [] actions . . . from the beginning of time to the date of this instrument, including, but not limited to any and all claims, demands, or actions pertaining to . . . the use of the Driveway[.]" Settlement Agreement at ¶ 5. The agreement further provided for the imposition of attorney fees on a breaching party. *Id.* at ¶ 6.

At some later point, Appellant began to obstruct Appellees' use of the unpaved road by tilling and planting on a portion of the road, posting no trespassing signs, and calling law enforcement regarding Appellees' use of the road. Appellant claimed that he had the right to engage in these activities because the unpaved road was on his property rather than being an easement across Appellees' property. To support his position, Appellant relied upon a March 10, 2023 survey performed by Kevin L. Bensinger, which placed the

property lines such that the unpaved road was on Appellant's property and located an easement elsewhere on Appellees' property, specifically along the line that the survey designated as Appellees' western property line.

On May 8, 2023, Appellees filed a complaint alleging that Appellant was violating the Settlement Agreement by obstructing their use of the unpaved road. Appellees sought preliminary injunctions to address Appellant's alleged violations of the Settlement Agreement.

On July 25, 2023, the court held a hearing to address the preliminary injunction request at which Appellee Forrest Deitzler, Appellant, and Mr. Bensinger testified. Of most significance, Mr. Bensinger admitted that the parties agreed in the 2016 Settlement Agreement that the easement was on the unpaved road. N.T. at 74.

Mr. Bensinger, however, opined that the parties in 2016 "had no idea where the boundary was[.]" *Id.* at 72. After determining that that the unpaved road was on Appellant's side of the property boundary, Mr. Bensinger reasoned that "as a surveyor," he could not place the easement intended for Appellant's benefit along the unpaved road as it was on Appellant's own property. *Id.* Instead, he drew the "easement" as a 312-foot by 20-foot rectangle on Appellees' side of the property boundary. *Id.* at 73-74.

On October 31, 2023, the trial court granted Appellees' request for preliminary injunctions, finding that the easement was on the unpaved road. The trial court ordered Appellant: (1) "to immediately cease any obstructions of the [e]asement that is the subject of the Settlement Agreement;" (2) "to

immediately restore the [e]asement to its state as existed at the time of the Settlement Agreement within 10 days; (3) "to provide [Appellees] with free and unobstructed means of ingress, egress and regress over and through the [e]asement[.]" Order, 10/31/23, at ¶¶ 1-3. The court additionally imposed sanctions against Appellant in the amount of Appellees' reasonable attorneys' fees. *Id.* at ¶ 5. The court held that the order would be effective upon Appellees' presentment of a $1,000 bond. *Id.* at ¶ 6.

Appellant filed a notice of appeal on November 14, 2023 and timely filed a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal. The trial court relied upon its October 31, 2023 opinion granting the preliminary injunction without specifically addressing Appellant's questions. Pa.R.A.P. 1925(a) Order, 1/11/24.

Before this Court, Appellant presents the following questions:

A. Whether the trial court committed an error of law, abused its discretion or otherwise ruled improperly in finding "this matter was previously settled by way of the June 29, 2016 [Settlement] Agreement"?

> 1. Whether the trial court committed an error of law, abused its discretion or otherwise ruled improperly when it first correctly ruled in accordance with the principles of contract law that "the parties agreed to be bound by the drawings attached to the Settlement Agreement" and that "the court will continue to uphold the terms the parties had agreed to[,"] but then contradictorily determined that instead of following a straight line across the western boundary of [Appellees'] property, as clearly described and graphically depicted in the said Settlement Agreement, [Appellant's] Easement somehow crosses over [Appellees'] boundary and into [Appellant's] own property?

- 6 -

2. Whether, in so doing, the trial court committed an error of law, abused its discretion or otherwise ruled improperly by entering an order of court which would effectively *sua sponte* convey a substantial portion of [Appellant's] real property to [Appellees'], without justification and without compensation?

B. Whether the trial court committed an error of law, abused its discretion or otherwise ruled improperly in ordering [Appellant] to "immediately cease any obstructions of the Easement that is the subject of the settlement agreement without specifically finding that [Appellant] ever actually placed any "obstructions" in and upon the Easement, and without identifying those alleged "obstructions" with sufficient particularity?

1. Whether the trial court committed an error of law, abused its discretion or otherwise ruled improperly in finding, by necessary implication, that [Appellant] conducted agricultural activities or otherwise placed "obstructions" in and upon the Easement, contrary to the overwhelming weight and sufficiency of the expert testimony and evidence proffered by [Appellant]?

2. Whether the trial court committed an error of law, abused its discretion or otherwise ruled improperly by entering an order of court with which compliance is impossible?

C. Whether the trial court committed an error of law, abused its discretion or otherwise ruled improperly by generally assessing sanctions against [Appellant] in an unspecified, unliquidated amount without justification, and without citing any specific legal basis for its authority to do so?

D. Whether the trial court committed an error of law, abused its discretion or otherwise ruled improperly by granting a preliminary injunction in favor of a named party plaintiff, Timothy Deitzler, who lacked standing in the matter?

Appellant's Br. at 14-16 (some capitalization altered).

An order granting a preliminary injunction is appealable as of right pursuant to Pa.R.A.P. 311(a)(4). We review "an order granting or denying a preliminary injunction for an abuse of discretion." *SEIU Healthcare*

*Pennsylvania v. Commonwealth*, 104 A.3d 495, 501 (Pa. 2014). In applying this "highly deferential standard of review," we do not consider the merits of the underlying action but instead review the record to determine if the trial court had "apparently reasonable grounds" for its action. *Id.* (citation omitted).

To grant a preliminary injunction, a trial court must determine that the party seeking the injunction established the following "six essential prerequisites[:]"

> (1) the injunction is necessary to prevent immediate and irreparable harm that cannot be compensated adequately by damages;
>
> (2) greater injury would result from refusing the injunction than from granting it, and, concomitantly, the issuance of an injunction will not substantially harm other interested parties in the proceedings;
>
> (3) the preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct;
>
> (4) the party seeking injunctive relief has a clear right to relief and is likely to prevail on the merits;
>
> (5) the injunction is reasonably suited to abate the offending activity; and,
>
> (6) the preliminary injunction will not adversely affect the public interest.

*Id.* at 501–02.

## A.

In questions A and B, Appellant in essence challenges the trial court's determination that the parties agreed in the Settlement Agreement that the

easement was on the unpaved road. Appellant's Br. at 41-55. Appellant instead argues that the unpaved road is on his property and the "easement" set forth in the Settlement Agreement is elsewhere on Appellees' property as designated in Mr. Bensinger's survey. *Id.* at 46-48. Appellant concludes that he cannot comply with the order requiring him to remove obstructions from the "easement" because he did obstruct the "easement." *Id.* at 55-61. Appellant further argues that since Appellees' counsel drafted the Settlement Agreement, any ambiguity must be construed in his favor and against Appellees. *Id.* at 52-53. Upon careful review of the record, we conclude that the trial court did not abuse its discretion but rather had reasonable grounds for granting the preliminary injunctions.

Specifically, the record supports the trial court's decision to grant preliminary injunctions to maintain the *status quo* of the terms of the Settlement Agreement, which the parties intended would "settle this dispute once and for all[.]" Trial Ct. Op., 10/31/23, at 6. The record supports the trial court's finding that the parties identified the easement as the unpaved road and not the location designated in Mr. Bensinger's survey. *Id.* at 6, 4. Since Appellant acknowledged that he had tilled and engaged in other agricultural activities on the unpaved road, the trial court properly ordered Appellant to remedy the obstructions. *Id.* at 4. The court also concluded that Appellees' "preliminary injunction request essentially require[d Appellant] to adhere to the terms he had already agreed to" in the Settlement Agreement. *Id.* at 6.

Addressing the six prerequisites for preliminary injunctions, the court concluded that the first prerequisite was met because "[t]o not implement the preliminary injunction would be to disregard the parties' prior agreement and settlement that dealt with this exact issue and that cannot be monetarily compensated with damages." *Id.* at 6. The court found the second requirement met because it concluded that greater injury would result from not issuing the order, in that "issuance of th[e] preliminary injunction will not cause any harm to any interested parties in the proceedings as this is specifically what the parties had agreed to previously." *Id.* at 6-7. Turning to the third requirement, the court found that the "preliminary injunction will properly restore the parties to their status as per the Settlement Agreement." *Id.* at 7. On the fourth element, the court opined that Appellees had a clear right to relief on the merits given that "this precise issue . . . was addressed via the Settlement Agreement in 2016." *Id.* The court found that the requested injunctions, which sought to enforce the terms of the prior agreement were "reasonably suited to abate the offending activity" as required for the fifth element. *Id.* Finally, the court concluded that because the injunction involved a private matter between the two parties, it did "not involve the public interest whatsoever." *Id.*

We conclude that the record, and specifically the Settlement Agreement, supports the trial court's determinations. While the Settlement Agreement lacks drafting precision, the agreement clearly and unambiguously defines the location of the easement as the unpaved road. The trial court properly

rejected Mr. Bensinger's theory that the location of the easement was elsewhere on Appellees' property.

Furthermore, since the Settlement Agreement clearly and unambiguously defines the location of the easement as the unpaved road, we reject Appellant's argument that we must interpret the Settlement Agreement in his favor because Appellees drafted it. Accordingly, we affirm the grant of preliminary injunctions to restore the parties to the *status quo* that the parties agreed to in the Settlement Agreement.

**B.**

Appellant next challenges the award of attorney fees. Appellant's Br. at 61-66. We quash this aspect of the appeal as interlocutory and unappealable. The award of attorney fees is not appealable as a final order under Pa.R.A.P. 341 because it did not "dispose[] of all parties and all claims." ***See Brawley Distrib. Co. v. Heartland Properties***, 712 A.2d 331, 332 (Pa. Super. 1998) (*per curiam*). The award of attorney fees in this case also does not fit within any category of interlocutory appeals as of right under Pa.R.A.P. 311 nor as a collateral order under Pa.R.A.P. 313. ***See id.*** (quashing appeal of pre-trial order granting attorney fees, holding that it was not an interlocutory order appealable under Pa.R.A.P. 311 nor a collateral order under Pa.R.A.P. 313 as the right would not be "irretrievably lost if review is postponed until final judgment"). Accordingly, we only have jurisdiction to review this issue when the trial court has issued a final order.

**C.**

Finally, Appellant contends that Appellee Timothy Deitzler ("Timothy") lacks standing in the current matter. Appellant's Br. at 66-69. The trial court, however, did not address the issue of Timothy's standing in deciding Appellees' motion for preliminary injunction. We observe, instead, that Appellant challenged Timothy's standing in his Answer, New Matter and Counterclaims which remained pending before the trial court as of the filing of Appellant's notice of appeal. Answer, New Matter and Counterclaims, 6/9/23, at ¶ 5. As the trial court has yet to opine on Timothy's standing, we have no determination to review. Thus, the issue warrants no relief at this time.

Accordingly, we affirm the trial court's grant of preliminary injunctions to Appellees, quash the appeal as to attorney fees, and remand for further proceedings.

Order affirmed in part; appeal quashed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/13/2024

- 12 -